F**IL**ED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 7 2011

JAMES W. McCORMACK, CLERK
By:_____ ꜱ Ɗᴀˣ
**DEP CLERK**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

JAMES TUCKER
and MINDY TUCKER,

     Plaintiffs,

vs.

No._1:11 cv 44  DPM_
COMPLAINT - CLASS ACTION

SOUTHWESTERN ENERGY COMPANY,
XTO ENERGY, CHESAPEAKE ENERGY
CORPORATION,  and BHP BILLITON
PETROLEUM (FAYETTEVILLE), LLC.;

This case assigned to District Judge Marshall
and to Magistrate Judge_____Deere_____

     Defendants.

---

## COMPLAINT

---

COME NOW the Plaintiffs, for themselves and on behalf of all similarly

situated persons, and for cause of action against the Defendants, state as follows:

### INTRODUCTION

This class action lawsuit is filed on behalf of the named Plaintiffs, James

and Mindy Tucker, and all those citizens and/or residents and/or property owners

of the State of Arkansas who live and/or own property within a three (3) mile

radius of any bore holes, wellheads, or other gas extraction operations (hereinafter

referred to as *Gas Wells*)  being operated by the Defendants within the State of

Arkansas.

This action is being brought against the Defendants for the creation of a noxious and harmful nuisance, contamination, trespass and diminution of property values that the *Gas Wells* have caused and continue to cause.

This action seeks, among other relief, injunctive relief in the form of monitoring of air quality, soil quality and water quality on Plaintiffs' property, to enable the named Plaintiffs, and the other Arkansans who are located within the defined area, to have their property monitored for the harmful effects of the *Gas Wells* owned and operated by the Defendants. This action also seeks medical monitoring of Plaintiffs, as well as all other persons within the described radius of the Defendants *Gas Wells*, to determine the extent to which Defendants' operations pose a health risk to persons exposed thereto.

## JURISDICTION AND VENUE

1.    Plaintiffs, James Tucker and Mindy Tucker, are adult resident citizens of Cleburne County, Arkansas. They reside at 11 Ouachita Drive, Quitman, Arkansas, on a 10 acre parcel of land. This parcel of land is surrounded by numerous *Gas Wells* operated by the Defendants.

2.    Defendant Southwestern Energy Company is a Delaware corporation with its principal place of business in Houston, Texas. Southwestern

2

Energy Company is the parent company of its subsidiary SEECO, and at all times relevant hereto, Southwestern Energy Company, was and continues to be engaged in the creation and operation of *Gas Wells* in and about the State of Arkansas. The Defendant is responsible, either directly or through its agents and/or apparent agents, for the creation and operation of *Gas Wells* located in the vicinity of Plaintiffs' property. Defendant Southwestern Energy Company has done, and continues to do, business in the State of Arkansas, and has committed a tort, in whole or in part, in the State of Arkansas, and likewise has sufficient minimum contacts with Arkansas. Service may be had upon Defendant Southwestern Energy Company, by serving a copy of the summons and complaint to:

> Southwestern Energy Company
> c/o The Corporation Company
> 124 West Capitol Ave., Suite 1900
> Little Rock, AR 72201

3.     Defendant XTO Energy, Inc. is a Delaware corporation with its principal place of business in Ft. Worth, Texas. At all times relevant hereto, XTO Energy, Inc., was and continues to be engaged in the creation and operation of *Gas Wells* in and about the State of Arkansas. The Defendant is responsible, either directly or through its agents and/or apparent agents, for the creation and operation of *Gas Wells* located in the vicinity of Plaintiffs' property. Defendant XTO

3

Energy, Inc. has done, and continues to do, business in the State of Arkansas, and

has committed a tort, in whole or in part, in the State of Arkansas, and likewise has

sufficient minimum contacts with Arkansas. Service may be had upon Defendant

XTO Energy, Inc., by serving a copy of the summons and complaint to:

> XTO Energy, Inc.
> c/o Corporation Service Company
> 300 Spring Street, Suite 900
> Little Rock, AR 72201

4.    Defendant, Chesapeake Energy Corporation, is a Oklahoma

corporation with its principal place of business in Oklahoma City, Oklahoma. At

all times relevant hereto, Chesapeake Energy Corporation, was and continues to be

engaged in the creation and operation of *Gas Wells* in and about the State of

Arkansas. The Defendant is responsible, either directly or through its agents

and/or apparent agents, for the creation and operation of *Gas Wells* located in the

vicinity of Plaintiffs' property. Defendant Chesapeake Energy Corporation has

done, and continues to do, business in the State of Arkansas, and has committed a

tort, in whole or in part, in the State of Arkansas, and likewise has sufficient

minimum contacts with Arkansas. Service may be had upon Defendant

Chesapeake Energy Corporation, by serving a copy of the summons and complaint

to:

4

>Chesapeake Energy Corporation
>c/o The Corporation Company
>124 West Capitol Ave., Suite 1900
>Little Rock, AR 72201

5.    Defendant BHP Billiton Petroleum (Fayetteville), LLC. is a

Delaware corporation with its principal place of business in Houston, Texas. At

all times relevant hereto, BHP Billiton Petroleum (Fayetteville), LLC. was and

continues to be engaged in the creation and operation of *Gas Wells* in and about

the State of Arkansas.  The Defendant is responsible, either directly or through its

agents and/or apparent agents, for the creation and operation of *Gas Wells* located

in the vicinity of Plaintiffs' property.  Defendant BHP Billiton Petroleum

(Fayetteville), LLC. has done, and continues to do, business in the State of

Arkansas, and has committed a tort, in whole or in part, in the State of Arkansas,

and likewise has sufficient minimum contacts with Arkansas.  Service may be had

upon Defendant, BHP Billiton Petroleum (Fayetteville), LLC. by serving a copy of

the summons and complaint to:

>BHP Billiton Petroleum (Fayetteville), LLC.
>c/o The Corporation Company
>124 West Capitol Ave., Suite 1900
>Little Rock, AR 72201

5

6.      Plaintiffs' causes of action arise in the State of Arkansas as a direct result of the tortious conduct of the Defendants and continuing tortious conduct of the Defendants.

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiffs, and the Defendants, are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

8.      The actions complained of herein occurred in the Eastern District of Arkansas and venue is proper in this Court.

9.      Plaintiffs specifically allege that valid service of process has been issued and properly served upon the Defendants herein.

10.     Plaintiffs specifically allege that the Defendants herein cannot identify any individual or legal entity who is not a party to this action, who caused or contributed to the injuries and damages for which the Plaintiffs seek recovery herein.

11.     The Defendants are being sued individually, and under the Doctrine of Respondeat Superior, for the actions and/or inactions of their agents, apparent agents, servants and/or employees.

6

## FACTS

12.     The Defendants herein conduct shale gas drilling in an area known as the Fayetteville Shale, which is located in central Arkansas and covers nearly four thousand square miles of land. The Fayetteville Shale ranges in depth from one thousand feet below the surface to as deep as seven thousand feet below the surface of the earth.

13.     Shale gas drilling involves drilling a wellbore down to the shale formation, and then conducting horizontal drilling within the shale formation itself. That horizontal drilling area is then hydraulically fractured using high pressure injection of fracturing fluid to allow gas to flow from the fractures to the wellbore. That process is referred to as "fracking."

14.     The process of "fracking" is known to cause migration of "fracking fluids" as well as methane and other flammable and noxious gases through the rock formations to surrounding locations other than the wellbore through which the fracking was conducted.   That migration has been documented in studies which tested water wells located in shale gas development areas.

15.     The fracking process uses a mixture of water, and sand, and numerous caustic, poisonous, flammable, carcinogenic and harmful compounds to fracture the shale rock formation and release the methane and hydrogen sulfide

7

gases within the shale. The compounds used in formulating the fracking fluid can include diesel fuel, formaldehyde, toluene, hydrochloric acid, methanol, ammonium persulfate and sodium tetraborate pentahydrate in varying concentrations.

16.    Throughout the process of hydraulic fracturing and the subsequent collection, treatment and transmission of shale gas, the *Gas Wells* cause the migration of a multitude of harmful, hazardous, caustic, carcinogenic and flammable chemicals and compounds, including but not limited to methane and hydrogen sulfide. This migration results in the contamination of soil, groundwater, lakes, ponds, reservoirs, springs, creeks, drinking water wells and air and atmosphere of properties located within a three (3) mile radius of the *Gas Wells*.

17.    The Plaintiffs have a two hundred (200') foot deep drinking water well situated on their property and have been using the water on that property for drinking, food preparation, bathing and all other household uses for over seven years without incident.

18.    After the Defendants began operating *Gas Wells* in the areas surrounding their property, the Plaintiffs noticed that their water began to smell like "cotton poison." After the water had acquired this smell, the Plaintiffs had to

8

discontinue use of their water for normal household uses.

19.    The Plaintiffs reported the potential contamination of their water to Defendant Southwestern Energy, who is conducting *Gas Well* operations within one (1) mile of the Plaintiffs property.

20.    Defendant Southwestern Energy conducted four (4) well water tests on the Plaintiffs well water and primarily tested for different variations of bacteria. Each time the Plaintiffs were informed by Southwestern Energy that their water was not harmed by the *Gas Well* operations and was suitable for drinking, food preparation, bathing and all other household uses.

21.    A private well water test conducted on the Plaintiffs well water in May of 2011 revealed the presence of a high quantity of Alpha Methylstyrene, a flammable and poisonous chemical which is a known component of fracking fluid.

22.    The activities of the Defendants were performed knowingly, wantonly and with reckless disregard for the rights and safety of the Plaintiffs and other persons similarly situated.

23.    As a result of the Defendants activities, property within the described radius around each *Gas Well* has been affected in one or more of the following ways:

   a.    Pollution and/or contamination of the soil with harmful and/or

9

hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds;

b.   Pollution and/or contamination of the groundwater with harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds;

c.   Pollution and/or contamination of the water wells with harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds;

d.   Pollution and/or contamination of the air and atmosphere with harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds;

## CAUSES OF ACTION

### STRICT LIABILITY

24.   The Plaintiffs repeat and reallege the allegations of paragraphs "1" through "23" of this Complaint, as if set forth in this paragraph at length.

25.   The harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds resulting from the Defendants natural gas exploration, extraction, collection, treatment, transmission and various other on-site processes including hydraulic fracturing, are of a toxic and hazardous nature capable of causing severe personal injuries and damages to persons and property, and are therefore ultra hazardous and abnormally dangerous.

10

26.     The harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds resulting from the Defendants natural gas exploration, extraction, collection, treatment, transmission, and various other on-site processes including hydraulic fracturing, are of a toxic and hazardous nature capable of causing severe personal injuries and damages to persons and property, regardless of the degree of caution exercised by the Defendants.

27.     The Defendants activities created an unacceptable risk of harm to the Plaintiffs and their property, along with all other persons and property similarly situated.

28.     The Defendants, by engaging in abnormally dangerous and ultra hazardous activities, are strictly liable without regard to fault for all the damages and injuries to the Plaintiffs proximately caused by their natural gas exploration, extraction, collection, treatment, transmission, and various other on-site processes including hydraulic fracturing.

## NUISANCE

29.     The Defendants' natural gas exploration, extraction, collection, treatment, transmission, and various other on-site processes including hydraulic fracturing unreasonably interfered, and continues to interfere, with the safe use

and enjoyment of adjoining and nearby lands and thus disturbs the peaceful, quiet and undisturbed use and enjoyment of such property.

## TRESPASS

30.     The Defendants natural gas exploration, extraction, collection, treatment, transmission, and various other on-site processes including hydraulic fracturing have trespassed on the land of the Plaintiffs, and all others similarly situated, through the migration and accumulation of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds upon and under the land.

31.     The Defendants trespasses have resulted in physical damage to the property of the Plaintiffs, and all others similarly situated, thereby causing injury to the right of possession of such property.

## NEGLIGENCE

32.     The Defendants owed a duty of care to the Plaintiffs to responsibly engage in gas production activities in and around the Plaintiffs residence.

33.     The Defendants had a duty to take all measures reasonably necessary to inform and protect the Plaintiffs from the dangers which accompanied the migration of harmful and/or hazardous and/or caustic and/or carcinogenic

12

and/or poisonous and/or flammable chemicals and compounds due to the operations of the Defendants.

34.     The Defendants, including their agents, apparent agents, servants and/or employees, knew or in the exercise of reasonable care should have known, that their operations were resulting in a migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds.

35.     The Defendants, including their agents, apparent agents, servants and/or employees, knew or in the exercise of reasonable care should have known, that the migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds exposed the Plaintiffs and their property to a risk of pollution and/or contamination of their property.

36.     The Defendants, including their agents, apparent agents, servants and/or employees, should have taken reasonable precautions and measures to prevent or mitigate a migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds , including adequate planning as well as notification systems and emergency preparedness plans.

13

37.    The Defendants, including their agents, apparent agents, servants and/or employees, knew or in the exercise of reasonable care should have known, that once a migration occurred, they should have warned the Plaintiffs.

38.    The Defendants, including their agents, apparent agents, servants and/or employees, knew or in the exercise of reasonable care should have known, that the harm caused to the Plaintiffs and their property was a foreseeable and inevitable consequence of the migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds due to the Defendants operations.

39.    The Defendants including their agents, apparent agents, servants and/or employees, acted unreasonably and negligently in causing the migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds, and failed to take reasonable measures and precautions necessary to avoid the damage that was sustained by the Plaintiffs and their property.

40.    The Defendants acts and/or omissions mentioned herein were the direct and proximate cause of the damages sustained by the Plaintiffs and their property.

14

41.     Some or all of the acts and/or omissions of the Defendants were grossly, recklessly and wantonly negligent, and were done with utter disregard for the consequences to the Plaintiffs, and therefore the Plaintiffs are entitled to an award of punitive damages.

42.     The Plaintiffs in no way caused or contributed to the damages they have sustained.

## CLASS ACTION

43.     The Plaintiffs repeat and reallege the allegations of paragraphs "1" through "42" of this Complaint, as if set forth in this paragraph at length.

44.     The Plaintiffs bring this action for themselves and on behalf of a class other similarly situated persons consisting of the following:

> All citizens and/or residents and/or property owners of the State of Arkansas who live and/or own property within a three (3) mile radius of a *Gas Well* where the Defendants are in the process of natural gas production, including but not limited to, natural gas exploration, extraction, collection, treatment, transmission, and any other on-site processes including hydraulic fracturing.

45.     The Plaintiffs are members of the class that they seek to represent.

46.     The class is so numerous that joinder of all members is impracticable.

15

47.     There are questions of law and fact which are common to the

class, including but not limited to:

        a.    Whether the Defendants activities caused a migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds;

        b.    Whether the migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds caused pollution or contamination of the soil of the class members;

        c.    Whether the migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds caused pollution or contamination of the property  of the class members;

        d.    Whether the migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds caused pollution or contamination of the air and atmosphere of the class members;

        e.    Whether the Defendants activities constitute a nuisance;

        f.    Whether the Defendants are strictly liable for their actions and/or inactions;

        g.    Whether the Defendants activities were negligently performed;

        h.    Whether the Defendants activities caused a trespass upon the land of the class members;

48.     The claims of the representative parties are typical of the class

members because the action arises from the same common wrongs against the

16

members of the class.

49. The Defendants have acted on grounds generally applicable to the class making appropriate injunctive relief with respect to the class as a whole. Monitoring, as described previously, is necessary because of the severe and irreparable harm which the migration of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals creates upon the property of the Plaintiffs and all other class members.

50. Questions of law and fact common to the members of the class predominate over any questions affecting only individual members because preliminary, overarching issues common to all class members predominate over the individual issues.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because class certification is a more efficient way to handle the case, the class is manageable and class certification will avoid a multiplicity of individual actions.

52. The Plaintiffs will fairly and adequately represent and protect the interests of the class.

## INJURIES AND DAMAGES

53. The Plaintiffs repeat and reallege the allegations of paragraphs

17

"1" through "52" of this Complaint, as if set forth in this paragraph at length.

54.   As a direct and proximate result of the unlawful activities of the Defendants, the Plaintiffs, and all others similarly situated, have suffered the following losses and damages:

    a.   Loss of use and enjoyment of their property;

    b.   Contamination of their soil;

    c.   Contamination of their groundwater;

    d.   Contamination of their well water;

    e.   Contamination of their air and atmosphere;

    f.   Severe diminution in value of their property;

    g.   Fear, shock, mental distress and physical harm

### RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs Jim and Mindy Tucker sue the Defendants herein, jointly and severally as follows:

A.   Compensatory damages for the injuries enumerated above in the amount of $1,000,000.00 (**One Million Dollars**).

B.   Punitive Damages in the amount of $5,000,000.00 (**Five Million Dollars**).

Plaintiffs further pray for:

18

a.    Certification of a class as requested;

b.    Judgments for compensatory damages for all class members in an amount commensurate with the damages as set forth above;

c.    Judgments for punitive damages for all class members in an amount commensurate with the damages as set forth above;

d.    Establishment of a monitoring fund to pay for monitoring of air, soil, groundwater, and atmosphere for the presence of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds;

e.    Establishment of a monitoring fund to pay for medical monitoring of the named Plaintiffs and all others similarly situated, for the presence or emergence of health effects stemming from the Defendants use of harmful and/or hazardous and/or caustic and/or carcinogenic and/or poisonous and/or flammable chemicals and compounds;

f.    An award of the costs of litigating the case;

g.    An award of attorney fees;

h.    An award of pre-judgment interest;

i.    All other relief to which the Plaintiffs may be entitled.

PLAINTIFFS RESPECTFULLY REQUESTS A TRIAL BY JURY.

19

**DEAL, COOPER & HOLTON, PLLC.**

Timothy R. Holton (2001101)
Berry Cooper
John R. Holton (2009056)
296 Washington Ave.
Memphis, TN 38103
(901)523-2222

and

**MCGARTLAND AND BORCHARDT**

Michael P. McGartland
1300 South University Drive
Fort Worth, Texas
(817)332-9300