IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES TUCKER; MINDY TUCKER;
RONALD HOLLARS; FRANCES
ANN HOLLARS; PHILLIP BERRY; and
PEGGY BERRY                                                        PLAINTIFFS

v.                    Nos.  1:11-cv-44-DPM
                            1:11-cv-45-DPM

SOUTHWESTERN ENERGY CO.
and BHP BILLITON PETROLEUM
(FAYETTEVILLE) LLC                                                 DEFENDANTS


ORDER

1. BHP's motion to dismiss is denied. The Court agrees that it has discretion to consider matters of public record in deciding a Rule 12(b)(6) or 12(c) motion without converting the motion to one for summary judgment under Rule 56. *E.g., Noble Systems Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Stahl v. U.S. Department of Agriculture*, 327 F.3d 697, 700–01 (8th Cir. 2003). This is a matter of may, not shall. And considering all material things, the Court concludes that BHP's "it was Chesapeake, not us" defense is better addressed on summary judgment.

First, the Court is bewildered with the hundreds of pages of records from the Arkansas Oil and Gas Commission. They are hard to understand. Most of the precedents involve a document or two. In *Noble Systems*, it was a financing statement. 543 F.3d at 982. In *Faibisch v. University of Minnesota*, it was an EEOC charge. 304 F.3d 797, 802–03 (8th Cir. 2002). The public-record exhibits in *Stahl* were some USDA instructions, which had been published in the Federal Register, and a USDA notice mentioned in the complaint. 327 F.3d at 700. BHP has done an admirable job trying to boil down the records in the charts in its briefs. But at some point, the volume of material pushes a Rule 12(b) speaking motion across the line into a summary-judgment-like dispute. The parties' many exhibits on BHP's motion are, in the Court's judgment, past that point.

Second, Plaintiffs dispute the particulars of some of the Commission records. Plaintiffs emphasize various BHP activities occurring after the company took over from Chesapeake. These activities may or may not be causally related to Plaintiffs' alleged damages, but they cloud the liability facts. This is not a case like *Stahl*, for example, where the USDA instructions and notice appear to have been undisputed. 327 F.3d at 700–01. This thread

appears in *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 829-30, 831-32 (8th Cir. 2003), too, as a matter of judicial notice. Whether *genuine* disputes of *material* fact exist about (1) the date BHP took over the disputed wells in relation to the dates of Plaintiffs' alleged harm, (2) BHP's (not Chespeake's) activities in relation to Plaintiffs' alleged damages, and (3) exactly what wells we're talking about are all questions that need to be answered at the summary-judgment stage, not today.* Plaintiffs have cast enough factual doubt to stop the Court from exercising its discretion to end the case against BHP now based solely on the asset purchase and the Commission records. *Stahl*, 327 F.3d at 701.

2. A word needs to be said about discovery. Depositions need to be scheduled by agreement at mutually convenient times for witnesses and lawyers. Practicing law is hard enough without opening a front of calendar disputes. The Court reminds counsel that, absent an emergency, they should follow the protocol outlined in the Amended Final Scheduling Order, *Document No. 103*, for bringing any impasse to the Court. That said, the Court

---

*The Court would also appreciate greater clarity on what, if any, Chesapeake liabilities came with the assets sold to BHP.

was glad to hear from counsel during the Southwestern Energy deposition, and no one should hesitate to call again if the need arises.

\* \* \*

BHP's motion to dismiss, *Document No. 100*, denied.  Plaintiffs' emergency motion to stay consideration, *Document No. 106*, denied as moot.  Discovery stay as to BHP lifted.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 June 2012